**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| JANET LANDRUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 7:10-2852-HFF |
| vs. ) | |
| ) | |
| SCOTT LOWERY LAW OFFICE, ) | |
| P.C. and MIDLAND FUNDING, LLC, ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, JANET LANDRUM, by and through her attorney, JAMES M. ERVIN, and for his Complaint against the Defendants, SCOTT LOWERY LAW OFFICE, P.C. (hereinafter "Lowery") and MIDLAND FUNDING, LLC (hereinafter "Midland"), Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2.  Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3.  Plaintiff is an individual who was at all relevant times residing in Chesnee, South Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendants acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6), in that they held themselves out to be companies collecting a consumer debt allegedly owed by Plaintiff to Defendant Midland.

6. On information and belief, Defendant Lowery is a professional corporation of the State of Colorado, which is not licensed to do business in South Carolina and which has its principal place of business in Denver, Colorado.

7. On information and belief, Defendant Midland is a limited liability company of the State of Delaware, which is not licensed to do business in South Carolina and which has its principal place of business in San Diego, California.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. On or about April 8, 2010, representatives and/or employees of Defendant Lowery, including but not limited to an individual who represented himself as Tim Standerridge (hereinafter "Standerridge"), began contacting Plaintiff by telephone multiple times per day in attempts to collect the aforementioned alleged debt. However, Lowery's representatives and/or employees failed to disclose that they were debt collectors during the course of every communication.

9. During the aforementioned telephone calls, Standerridge called Plaintiff a liar and stated that is was disgraceful that Plaintiff could not pay her bills.

10. Also during the aforementioned telephone calls, Standerridge threatened to sue Plaintiff, despite the fact that, upon information and belief, he is not an attorney licensed to

2

practice law in the State of South Carolina and his company does not maintain an office located in South Carolina.

11.  Also on or about April 8, 2010, Defendant Lowery's representatives and/or employees began calling Plaintiff's father multiple times per day, sometimes at a rate of every thirty (30) minutes, in attempts to collect the alleged debt, despite having already successfully contacted Plaintiff.

12.  Further, Defendant Lowery's representatives and/or employees continued to contact Plaintiff's father by telephone even after Plaintiff requested that those calls cease.

13.  All of the actions of Defendant Lowery as set forth above were undertaken as the attorneys and/or authorized agents of Defendant Midland.

14.  In its attempts to collect the aforementioned alleged debt, Defendants violated the FDCPA in one or more of the following ways:

   a. Communicating with a person other than Plaintiff more than once in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692b(3);

   b. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

   c. Using obscene or profane language and/or language the natural consequence of which was to abuse Plaintiff, in violation of 15 U.S.C. § 1692d(2);

3

    d.    Causing a telephone to ring or engaging Plaintiff and her father in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

    e.    Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    f.    Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11); and

    g.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

15. As a result of Defendants' violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JANET LANDRUM, respectfully prays for a judgment against Defendants as follows:

    a.    Statutory damages of $1,000.00 from each Defendant for each violation of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ James M. Ervin
James M. Ervin
Attorney for Plaintiffs
P.O. Box 6276
Columbia, SC 29260-6276
(888) 493-0770, ext. 308 (phone)
(866) 551-7791 (facsimile)
James@LuxenburgLevin.com

5